UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:15-CV-136

| | |
|---|---|
| FRANCISCO AVOKI doing business as Driv4less, <br>    Plaintiff, <br><br>vs. <br><br>LARRY EUGENE FEREBEE, DONALD ALAN FRALEY, LILLIE FRALEY, and DOES I-XX, <br><br>    Defendants. | ORDER |

THIS MATTER is before the Court upon Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 4). After this motion became ripe, Plaintiff, who appears pro se, filed a "Petitioner for Order Appointment of Guardian Ad Litem" (Doc. No. 16) and a "Motion for Leave to File an Amended Complaint" (Doc. No. 17). For the reasons stated below, Defendants' Motion to Dismiss for lack of subject matter jurisdiction is GRANTED without prejudice, Plaintiff's Motion to Amend is DENIED, and Plaintiff's Petition for Appointment of a Guardian Ad Litem is DENIED AS MOOT.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, is a South Carolina resident who brought this action to recover damages resulting from a motor vehicle accident that occurred on December 24, 2012 in North Carolina. (Doc. No. 1). Defendants are North Carolina residents. (Doc. No. 1).

In the accident, Plaintiff's vehicle, a 2006 Hummer H3, owned by Plaintiff, was driven by

1

Ekoko Avoki ("Ekoko")[1]. (Doc. No. 1). The other vehicle involved, a 2008 Hummer, was allegedly owned by Defendants Donald and Lillie Fraley, and was driven by Defendant Larry Ferebee. (Doc. No. 1). According to the Complaint, the vehicle driven by Ekoko was slowing down at its arrival point when the vehicle driven by Defendant Ferebee negligently merged from the far left and hit the driver's side of the vehicle driven by Ekoko. (Doc. No. 1). Here, Plaintiff alleges total loss of his 2006 Hummer in the amount of "$13,939 to $16,109 of pricing value of 2006 Hummer H3;" $14,510 for loss resulting from towing and storage of the damaged vehicle; and $71,502 to purchase a replacement vehicle and "economic loss of 773 days." (Doc. No. 1, p. 4). In his prayer for relief, Plaintiff asks the Court for judgment in his favor totaling $102,121.00 for "costs of repairs or total loss the damages is result of the plaintiff solid loss . . . ." (Doc. No. 1, p. 4).

Prior to the case at bar, on January 22, 2013, Plaintiff filed a *pro se* complaint against "Government Employees Insurance Company, Lillie Fraley, Larry Ferebee, Does I-XX (unknown)" in Mecklenburg County District Court (13-CVD-1075) alleging causes of action for "Breach of Contract by GEICO," "Unfair and Deceptive Act or Practice" against GEICO, "Bad Faith," and "Neglect of Lillie Fraley." (hereinafter "First Lawsuit"). (Doc. No. 5-1, p. 1). On May 13, 2013, the First Lawsuit was transferred from District to Superior Court and immediately dismissed without prejudice as to Defendants Ferebee and Fraley for failure to state a claim upon which relief can be granted. (Doc. No. 5-2).

On August 26, 2013, Plaintiff filed a second *pro se* complaint, this time in Mecklenburg County Superior Court (13-CVS-015285) (hereinafter "Second Lawsuit"). (Doc. No. 5-3). The Second Lawsuit, like the First Lawsuit, arose out of the same December 24, 2012, motor vehicle

---

[1] According to the allegations in the state court proceedings, which are discussed below, Ekoko is Plaintiff's wife. (Doc. No. 5-1, p. 1).

accident that is the subject of the present action. (Doc. No. 5-3). The complaint named Francisco and Ekoko Avoki as plaintiffs and "Larry Eugene Ferabee, Jr. and Does I-XX (unknown)" as defendants. (Doc. No. 5-3). The complaint purported to allege negligence claims against Defendant Ferebee for "giving false information to the police officer" and alleging the collision was caused "by the recklesness, carelessness and negligence of the Defendant," all of which caused damage to the named plaintiffs "(+ 4 children)." (Doc. No. 5-3, p. 3).

On February 11, 2015, Superior Court Judge David Kuehnert entered an erder that resulted in the dismissal of the Second Lawsuit with prejudice ("Dismissal Order"). (Doc. No. 5-4). In the Dismissal Order, the court noted "In the Subject Lawsuit, the Plaintiffs seek recovery for property damage to the vehicle operated by Ekoko Avoki at the time of the accident as well as personal injury damages related to injuries allegedly sustained by Ekoko Avoki and her four children, who were allegedly also in the Avoki vehicle at the time of the subject accident." (Doc. No. 5-4, p. 2). That order also reflects that on February 18, 2014, the court entered default judgment against Defendant Ferebee in the amount of $8,249.00 for "property damage, medical treatment, and pain and suffering arising from the subject motor vehicle accident." Id. On September 25, 2014,[2] the court entered an order allowing GEICO to intervene in the action and setting aside the February 18, 2014, default judgment. Id. On October 1, 2014, GEICO subsequently filed an answer to the complaint, along with discovery requests to Plaintiff. Id. Plaintiff served unverified discovery responses on October 24, 2014. Id. at p. 3. According to the Dismissal Order, GEICO was unsuccessful at attempts to coordinate with Plaintiff regarding various deficiencies in the plaintiff's responses concerning pre-existing and accident-related medical treatment and expenses,

---

[2] The Court notes that the Dismissal Order refers to the ruling on the motion to intervene as being issued on "September 25, 2015." The full record in this case, however, demonstrates that this constitutes a typographical error using "2015" instead of "2014." Indeed, it is impossible since the Dismissal Order was issued in February 2015 and September 2015 had not yet passed.

3

which lead to the filing of a motion to compel on November 7, 2014. Following a hearing, the court ordered Plaintiff to respond no later than December 31, 2014. Id. In the Dismissal Order, the court noted that while the plaintiffs provided some supplemental responses, they failed to fully comply with the court's order on the motion to compel. Id. p. 4. On February 10, 2015, the court conducted a hearing on GEICO's motion for sanctions; however, the plaintiffs did not appear. Id. The court, after considering less severe sanctions, granted GEICO's motion for sanctions and dismissed the case "with prejudice." Id.

On March 18, 2015, the plaintiffs in the Second Action filed a Rule 60 motion to vacate the dismissal of the Second Lawsuit, which was denied on March 23, 2015, at 3:32 p.m. (Doc. No. 5-5). The same day, Plaintiff filed the present action in this Court. (Doc. No. 1). Defendants filed the Motion to Dismiss on March 30, 2015. (Doc. No. 4). Following Defendants' filing of the Motion to Dismiss, this Court issued to Plaintiff a Roseboro notice, advising him of his right to respond to the Motion. (Doc. No. 6). The Court subsequently granted Plaintiff additional time to respond to the motion to dismiss, see Doc. No. 10, and Plaintiff filed a response (Doc. No. 11), as well as a surreply (Doc. No. 13), despite the fact surreplies are not permitted absent advance permission by the Court.

Defendants supplemented their filings with this Court by submitting a recently issued order of the North Carolina Court of Appeals (Doc. No. 14). That filing attached an order entered by the North Carolina Court of Appeals dismissing the plaintiffs' appeal of the Second Lawsuit. (Doc. No. 14-1). In response to Defendants' supplemental filing, Plaintiff submitted a pleading requesting this Court "denied [sic] the supplement and the entire Defendants' motion to dismiss the complaint." (Doc. No. 15, p. 2). Approximately two weeks later, Plaintiff filed a "Petition for Order for Appointment of Guardian Ad Litem" (Doc. No. 16) and a "Motion for Leave to File an

Amended Complaint" (Doc. No. 17) seeking to add Ekoko "individually and as Guardian ad Litem" for the minor children to the claims asserted against Defendants. Plaintiff also seeks to add "GEICO Insurance Company" as a Defendant. The motion to amend and the attached proposed amended complaint are signed only by Plaintiff Francisco Avoki. (Doc. No. 17, p. 3; Doc. No. 17-1, p. 20).

## II. ANALYSIS

Defendants move to dismiss the complaint on the grounds that this Court lacks subject matter jurisdiction and, in the alternative, because the complaint fails to state a claim upon which relief can be granted. (Doc. No. 4). The Court issued a Roseboro notice to Plaintiff advising him of the burden he carries in responding to the motion to dismiss. (Doc. No. 6). Plaintiff timely responded in opposition to the motion to dismiss, and this matter is ripe for disposition.

### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of a lawsuit. Subject matter jurisdiction is a threshold issue without which the Court lacks the competency or ability to do anything other than dismiss the case. It is well-settled that the lack of such jurisdiction may be raised at any time by a litigant or the court *sua sponte*. Mansfield, C. & L. M. RY. CO. v. Swan, 111 U.S. 379, 382 (1884). Subject-matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "No party can waive the defect, or consent to [subject-matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot

be forfeited or waived and should be considered when fairly in doubt.").

Here, Defendant has specifically moved to dismiss for lack of subject matter jurisdiction asserting that the amount in controversy does not satisfy the requirements for diversity jurisdiction. Original subject matter jurisdiction exists in the federal district court when, among other specific scenarios expressed in Title 28 of the U.S.C., the complaint raises a federal question under 28 U.S.C. § 1331 or the requirements for diversity jurisdiction are met under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. 1332(a)(1), federal district courts have original jurisdiction over claims between citizens of different states in which the amount in controversy exceeds $75,000.00.

The first requirement of diversity jurisdiction is complete diversity among the parties. Owen Equipment & Erection. Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Id. (emphasis in original). For the purposes of this Motion, Defendants do not contest that complete diversity of the parties exists. (Doc. No. 5). Accordingly, the question of whether diversity jurisdiction lies in this Court turns on the amount in controversy.

In determining whether the requisite amount in controversy has been met, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. "The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or out the jurisdiction[,] [b]ut if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed." Id. Therefore, this Court must determine if it is legally possible for Plaintiff to recover the amount he claimed in his Complaint.

Under North Carolina substantive law, which applies in this case, "[w]hen a plaintiff's vehicle is damaged by the negligence of a defendant, the plaintiff is entitled to recover the difference between the fair market value of the vehicle before and after the damage." Roberts v. Pilot Freight Carriers, Inc., 160 S.E.2d 712, 717 (N.C. 1968). Additionally, "[w]hen a vehicle is negligently damaged, if it can be economically repaired, the plaintiff will also be entitled to recover such special damages as he has properly pleaded and proven for the loss of its use during the time he was necessarily deprived of it." Id. (citing Reliable Trucking Co. v. Payne, 65 S.E.2d 132 (N.C. 1951)). However, "[i]f the vehicle is totally destroyed . . . the plaintiff must purchase another vehicle." Id. In turn, "he would be entitled to damages for loss of use only if another vehicle was not immediately obtainable and . . . he suffered loss of earnings during the interval between the accident and the acquisition of another vehicle." Id. As Defendants correctly point out, the "interval would be limited to the period reasonably necessary to acquire the new vehicle." Id. The Court is unaware of North Carolina law permitting plaintiffs to recover both the diminution of market value and the cost to repair or replace the damaged property.

Turning to the instant case, Plaintiff cannot recover both his alleged total loss of the vehicle ($13, 939 to $16,109) *and* the cost of purchasing a replacement vehicle ($71, 502). Given that the vehicle was allegedly rendered a total loss in this case, Plaintiff would be entitled to recover the value of the vehicle before the accident. Id. Therefore, it is legally certain that Plaintiff could not recover his alleged amount of $71,502, which is nearly five times his alleged value of the totaled vehicle. Accordingly, the alleged amount of $71,502 must be subtracted from his overall claim of $102,121 leaving his claim, viewed in light most favorable to Plaintiff, worth a total of $30,619.[3]

---

[3] Defendants also argue that Plaintiff's alleged loss for "tow and storage" in the amount of $14,510 is patently unreasonable and constitutes a failure to reasonably mitigate damages. However, the Court need not address that issue because, even if accepted, it would not bring the alleged claim close to the required amount in controversy.

Given this is well below the requisite amount in controversy pursuant to 28 U.S.C. § 1332(a)(1), the requirements of diversity jurisdiction are not satisfied and the Court does not have subject matter jurisdiction over Plaintiff's original complaint.

**B.     Motion to Amend**

As noted above, Defendants responded to Plaintiff's complaint by filing a motion to dismiss for, among other reasons, lack of subject matter jurisdiction. As part of Plaintiff's multiple responses to that motion, Plaintiff submitted a motion to amend his complaint to add parties, including adding GEICO as a defendant, as well as his wife Evoki (the alleged driver) and their four minor children (alleged passengers in the vehicle) as additional plaintiffs whom Plaintiff contends are entitled to damages arising out of the accident. Although the Court has already decided it does not have subject matter jurisdiction over the Complaint, the Court finds it necessary to address the Motion to Amend in the event Plaintiff is attempting to use these additional plaintiffs to increase the potential damages amount to satisfy the threshold required for diversity jurisdiction.

The Motion to Amend, however, is problematic for several reasons and does not save Plaintiff's case. Most importantly, Plaintiff is not a licensed attorney and therefore cannot represent the proposed additional plaintiffs or make legal motions on their behalf. Houey v. Carolina First Bank, No. 1:11CV225, 2011 WL 5402465, at *1 (W.D.N.C. Nov. 8, 2011) (citing S.E.C. v. White, 2011 WL 1544202 (D.S.C. 2011) (noting that even if family member holds power of attorney for party, non-lawyer cannot represent pro se party without violating law regarding unauthorized practice of law) (citations omitted); Bennett v. Owens, 2009 WL 1916707 (D.S.C. 2009); N.C. Gen. Stat. § 84–4). Accordingly, Plaintiff's motion is denied without prejudice to the rights, if any, of those purported plaintiffs.

Even were the Court to consider the merits of the Motion to Amend, the Court concludes

that allowing such amendment would be futile. The decision of whether to grant a motion to amend is left to the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (ruling the "grant or denial of an opportunity to amend is within the discretion of the District Court"). Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Center v. Niles Bolton Associates, 602 F.3d 597, 602–03 (4th Cir. 2010). "If an amendment would fail to withstand a motion to dismiss, it is futile." Woods v. Boeing Co., 841 F.Supp.2d 925, 930 (D.S.C. 2012) (citation omitted). Therefore, when the new well-pleaded facts asserted in the proposed complaint fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend. Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

In determining futility, the court should apply the same standard applied under Fed.R.Civ.P. 12(b)(6). See New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America, 18 F.3d 1161, 1164 (4th Cir. 1994); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

While courts must liberally construe pro se complaints, the court is not required to accept a pro se plaintiff's contentions as true, Denton v. Hernandez, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may be

properly addressed."). "Like plaintiffs who are represented by counsel, a pro se plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" Justice v. Dimon, 2011 WL 2183146, at * 4 (W.D.N.C. June 6, 2011) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)). "In light of Twombly and Bass, conclusory statements with insufficient factual allegations, even when asserted by pro se plaintiffs, will simply not suffice." Id.

The doctrines of res judicata and collateral estoppel[4] are properly reviewed under the standard for Rule 12(b)(6). Davani v. Virginia Dep't of Transp., 434 F.3d 712, 720 (4th Cir. 2006). The Fourth Circuit permits this Court to take judicial notice of other judicial proceedings.

> Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir.1993), when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact, see Day v. Moscow, 955 F.2d 807, 811 (2d Cir.1992); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.1984); Briggs v. Newberry County Sch. Dist., 838 F.Supp. 232, 234 (D.S.C.1992), aff'd, 989 F.2d 491 (4th Cir.1993) (unpublished).

Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). Here, the record of the prior state court cases (First and Second Lawsuit) in this case is a source whose accuracy cannot reasonably be questioned. Accordingly, this Court takes judicial notice of the prior proceedings and, further, hereby considers those proceedings in ruling on the futility of Plaintiff's proposed amendments.

Here, it appears that the doctrine of *res judicata* bars a substantial portion of the claims

---

[4] The Court notes that the Fourth Circuit has recognized that a default judgment does not satisfy the "actually litigated" prong for purposes of collateral estoppel. Sartin v. Macik, 535 F.3d 284, 289 (4th Cir. 2008) ("[W]e accordingly hold that under that state's law, the default judgment against Macik is not entitled to collateral estoppel effect in the subsequent bankruptcy proceeding."). Although the Dismissal Order here was based on sanctions under Rule 37 and not a default judgment, the Court nevertheless declines to consider whether collateral estoppel bars the claims in Plaintiff's amended complaint.

Plaintiff seeks to add via his amended complaint, particularly those involving Evoki and GEICO. To the extent res judicata does not bar certain claims in the amended complaint, the Court finds that those claims would not withstand a motion to dismiss for lack of subject matter jurisdiction because Plaintiff cannot demonstrate that even with the addition of his purported claims, the diversity amount threshold would exist.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss (Doc. No. 4) for lack of subject matter jurisdiction is GRANTED. Plaintiff's Motion to Amend (Doc. No. 17) is DENIED without prejudice to the rights, if any, of the purported additional plaintiffs named on the motion. Plaintiff's Petition for Appointment of a Guardian Ad Litem is DENIED AS MOOT. The Clerk's Office is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: March 21, 2016

Frank D. Whitney
Chief United States District Judge